**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

STEPHEN HALE,

> *Plaintiff,*

v.

YMCA OF METROPOLITAN WASHINGTON,

> *Defendant.*

Case No. 1:25-cv-3389 (ACR)

---

<u>**MEMORANDUM OPINION**</u>

Plaintiff Stephen Hale brings this employment discrimination action under Title VII of the Civil Rights Act of 1964 against Defendant YMCA of Metropolitan Washington. This matter is before the Court on Defendant's Motion to Dismiss for improper venue. Dkt. 6. For the reasons that follow, the Court **TRANSFERS** this case to the Eastern District of Virginia and **DENIES** Defendant's Motion to Dismiss as moot.

## I.    BACKGROUND

Plaintiff worked for Defendant from February 18, 2020, through June 30, 2023, at the Fairfax County YMCA in Reston, Virginia. Dkt. 1 ¶ 10–11, 13. On June 30, 2023, two of Defendant's employees terminated Plaintiff from his position as Associate Executive Director of the Fairfax County YMCA because he had enrolled his two children in YMCA preschool services for free and permitted other employees to enroll their children in YMCA programs for free. *Id.* ¶¶ 17–18; Dkt. 7 at 3. Defendant contends Plaintiff tried to conceal those actions. Dkt. 1 ¶ 18. But Plaintiff claims that, far from hiding his actions, his supervisor was fully aware that he had enrolled his children without paying tuition. *Id.* ¶¶ 19–20. Plaintiff, who is a white man,

*id.* ¶ 12, alleges that black employees and women working for Defendant routinely enrolled their children in YMCA services "at no cost or significantly reduced cost" and faced no discipline, *id.* ¶¶ 27–34.  He claims Defendant discriminated against him based on his race and sex, and that Defendant terminated his employment at YMCA "under the pretext that he failed to comply with YMCA's policy without consent and approval of YMCA's management."  *Id.* ¶ 58.

Plaintiff filed this lawsuit under Title VII of the Civil Rights Act of 1964 on September 24, 2025.  *Id.* ¶ 1.  On November 5, 2025, Defendant filed a Motion to Dismiss Plaintiff's complaint for improper venue under the venue selection provision of Title VII, 42 U.S.C. § 2000e-5(f)(3).  Dkt. 6.  Plaintiff filed his opposition to Defendant's Motion on November 11, 2025, and requested that the Court transfer this case to the Eastern District of Virginia in lieu of dismissal.  Dkt. 8 at 1.  Defendant argues that dismissal, not transfer, is in the interest of justice because Plaintiff and his attorney should have filed this case in the correct venue.  Dkt. 9 at 3–4.

## II.     LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), the Court must accept the plaintiff's well-pled factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Schuler v. United States*, 617 F.2d 605, 606 (D.C. Cir. 1979); *2215 Fifth Street Assocs., LP v. U-Haul Int'l*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).  But the Court does not need to accept the plaintiff's legal conclusions as true.  *2215 Fifth Street Assocs., LP*, 148 F. Supp. 2d at 54.  To succeed under a motion to dismiss for improper venue, the moving party must present facts that will defeat the plaintiff's assertion of venue.  *Id.*

Title VII includes a specific venue provision which permits plaintiffs to bring Title VII actions (1) "in any judicial district in the State where the unlawful employment practice is alleged to have been committed," (2) in the judicial district where "the employment records

relevant to such practice are maintained and administered," or (3) in the judicial district where "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).  If the respondent cannot be found in the above districts, then a plaintiff may bring a Title VII action in (4) "the judicial district in which the respondent has his principal office."  *Id.*  The plaintiff holds the burden of establishing that venue is proper. *McLaughlin v. Holder*, 864 F. Supp. 2d 134, 137 (D.D.C. 2012).

When a plaintiff files their action in the wrong venue, courts shall "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The decision about whether to dismiss or transfer a case in the interest of justice rests within the discretion of the court.  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).  "Generally, the 'interest of justice' requires courts to transfer cases to the appropriate judicial district, rather than dismiss them."  *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002) (citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67 (1962); *James v. Booz-Allen & Hamilton, Inc.*, 227 F. Supp. 2d 16, 24–25 (D.D.C. 2002). This is especially true where dismissal would deprive a plaintiff of the opportunity to obtain relief because the statute of limitations would bar any subsequent action.  *Ebron v. Dep't. of the Army*, 766 F. Supp. 2d 54, 58–59 (D.D.C. 2011).

### III.   ANALYSIS

Defendant argues that venue is improper in this Court because the District of Columbia does not satisfy any of the venue options in 42 U.S.C. § 2000e-5(f)(3).  Dkt. 7 at 4.  The Court agrees.

To begin, the relevant events underlying Plaintiff's claims did not occur here.  Plaintiff worked in Reston, Virginia, for three years.  Dkt. 1 ¶ 13.  Defendant investigated Plaintiff's conduct in Virginia and terminated his employment there.  Dkt. 7-1 at 2; Dkt. 7 at 4.  Plaintiff does not dispute any of these facts.  Nor does he dispute that, but for the alleged unlawful employment practice, he would have continued working in Virginia rather than in the District of Columbia.  *Id.* at 6; Dkt. 7-1 at 2; *see generally* Dkt. 8.  Accordingly, under both the first and third venue options in § 2000e-5(f)(3), venue is proper in the Eastern District of Virginia.[1]

The same is true under the Statute's second venue option.  The parties dispute where Plaintiff's employment records are maintained and administered.  Plaintiff asserts he "had a reasonable belief" that his records were maintained and administered in the District of Columbia.  Dkt. 8 at 4.  Defendant, however, has submitted a declaration from its Senior Vice President of Human Resources stating that Plaintiff's employment records are maintained and administered in Virginia.  Dkt. 7-1 at 2.  Plaintiff offers no evidence to the contrary.  Indeed, he acknowledges that "[t]o the extent the Defendant has established that the relevant employment records were maintained and [administered] in . . . Virginia, the appropriate action is not to dismiss the case based upon the Plaintiff's honest mistake but rather to transfer the case in the interests of justice to the United States District Court for the Eastern District of Virginia."  Dkt. 8 at 4.

---

[1] The fourth option in § 2000e-5(f)(3) is inapplicable in this case because Defendant can be found in Virginia.  Dkt. 7 at 6.

While the parties appear to agree that venue is proper in the Eastern District of Virginia, they disagree on whether the Court should dismiss or transfer this case under § 1406(a). *Id.* at 5; Dkt. 9 at 1–2. The Court concludes that it is in the interest of justice to transfer this case.

Plaintiff had 90 days from July 10, 2025, to file suit after receiving his right-to-sue letter from the EEOC. Dkt. 8-3 at 1–4. Because more than 90 days have passed, dismissal would effectively bar Plaintiff from refiling his claims in the proper venue. Defendant argues that Plaintiff's decision to file in the District of Columbia "was a strategic litigation decision to attempt to forum shop. This decision was based on a guess with almost no factual basis that the Y maintained his personnel records in D.C. and driven by the apparent desire to litigate in D.C. instead of Virginia." Dkt. 9 at 1.

The record, however, does not support the severe sanction of dismissal. Plaintiff submitted a declaration stating he believed, in good faith, that venue was proper in the District of Columbia because he believed employment records were "managed by YMCA's Human Resources staff and leadership located in Washington, DC, at the YMCA headquarters." Dkt. 8-1 at 2. Plaintiff also filed this action within 90 days, which demonstrates he acted diligently in pursuing his claims. *See Sanchez v. United States*, 600 F. Supp. 2d 19, 24 (D.D.C. 2009). Under these circumstances, the Court sees no reason to penalize Plaintiff by dismissing his case. Accordingly, the Court finds that the interests of justice favor transfer rather than dismissal. *See id.*

## IV.    CONCLUSION

Because venue is proper in the Eastern District of Virginia, the Court **TRANSFERS** this case to the Eastern District of Virginia and **DENIES** Defendant's Motion to Dismiss as moot.  A separate Order consistent with this Memorandum Opinion shall issue this day.


Date: June 10, 2026

                                        _____

ANA C. REYES
United States District Judge